UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID TAYLOR,<br>    Plaintiff,<br><br>  vs.<br><br>STANLEY KNIGHT, CHRIS WILLIAMS,<br>LIEUTENANT CADDELL, SGT. BOWLING,<br>C.O. MCWHIRTER,<br>    Defendants. | )<br>)<br>)<br>) Case No. 2:14-cv-00140-WTL-WGH<br>)<br>)<br>)<br>)<br>) |

**Entry Discussing Complaint
and Directing Further Proceedings**

**I.**

At the time this complaint was filed, plaintiff David Taylor was an inmate confined at the Putnamville Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the First Amendment. He names the following defendants: Stanley Knight, Superintendent, Putnamville Correctional Facility; Chris Williams, Grievance Specialist, Putnamville Correctional Facility; Lieutenant Caddell, 1st Shift Lieutenant, Putnamville Correctional Facility; Sgt. Bowling, Shift Sergeant, Putnamville Correctional Facility; and C.O. McWhirter, Corrections Officer, Putnamville Correctional Facility. Taylor seeks money damages.

Because Taylor is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court must screen his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this

category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Taylor alleges that he was subject to retaliation by Correction Officer McWhirter in violation of the First Amendment. To state a claim for retaliation, Taylor need only to allege that he engaged in conduct protected by the First Amendment and that the defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). A complaint states a claim for retaliation for exercising free speech when it sets forth a chronology of events from which retaliation may plausibly be inferred and shows that retaliation was a motivating factor for the defendant's conduct. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

The First Amendment claim against defendant Knight is **dismissed.** Knight is the Superintendent of the Putnamville Correctional Facility and is evidently named in this capacity. However, the doctrine of respondeat superior is not available to a plaintiff in a § 1983 suit. *West*

*v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997). Further, the First Amendment claim against defendants Williams, Caddell and Bowling is dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

The only plausible claim of retaliation is against Officer McWhirter. Taylor alleges in his complaint that Officer McWhirter retaliated against him for filing grievances within the prison system. Prior to March 2, 2014, Taylor submitted an offender complaint against Officer McWhirter. On March 2, 2014, Officer McWhirter confronted Taylor and verbally expressed his displeasure about the Taylor's offender complaint. That same day, Taylor filed an offender complaint with respect to this encounter. On March 26, 2014, Officer McWhirter wrote a conduct report against Taylor charging him with insolence to staff. Taylor was found not guilty of the charges. Because Officer McWhirter issued the conduct report shortly after Taylor filed his second grievance, Taylor has adequately alleged a chronology from which retaliation could be inferred. He has alleged that retaliation motivated Officer McWhirter's conduct and described the retaliatory conduct (conduct report). He has thus adequately stated a claim for retaliation. *Walker*, 288 F.3d at 1009.

In summary, the complaint against defendant McWhirter may proceed. Defendants Knight, Williams, Caddell, and Bowling are **dismissed**.

**II.**

**The clerk** is designated pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d)(1). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk** is directed to update the plaintiff's address consistent with the distribution portion of this entry.

**IT IS SO ORDERED**.

Date: 06/24/2014

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

David Taylor
3111 Coliseum Blvd.
Ft. Wayne, Indiana 46805

Officer McWhirter
Correction Officer
Putnamville Correctional Facility
1946 W. U.S. Hwy 40
Greencastle, Indiana 46135

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.